IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TAMIA FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | U.S. District Judge |
| WHITESTONE GROUP, INC., | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT

COMES NOW Plaintiff TAMIA FIELDS, who sues Defendant as follows:

### PARTIES

1. Plaintiff Tamia Fields, female, is a citizen and resident of Davidson County, Tennessee.

2. Defendant Whitestone Group Inc. ("Whitestone") is an Ohio corporation with a principal office in Columbus, Ohio. Whitestone may be served by and through its registered agent, CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1334, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed, and protected by federal law. The Court has jurisdiction of the lawsuit in that it arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

4. Venue is proper in the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. § 1391 (b), wherein Defendant regularly conducts business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff has fulfilled all administrative prerequisites to filing suit pursuant to Title VII.

6. Plaintiff received a Right-to-Sue letter from the Equal Employment Opportunity Commission dated April 3, 2013; the EEOC found reasonable cause to believe that violations of the law had occurred. (See Notice, attached as Exhibit A). Accordingly, Plaintiff's suit is timely filed.

## FACTUAL ALLEGATIONS

7. Plaintiff, female, was hired to work for Whitestone in its' Memphis, Tennessee, operation under a federal security contract with the Transportation Security Administration (TSA) on June 1, 2011.

8. Plaintiff was hired to work for Whitestone when it won the federal contract from her previous employer, Alligience Security Group, LLC.

9. Plaintiff was hired as a "Security Guard" at the rate of $15.70/hour.

10. Plaintiff was previously employed as a "Supervisor" with Alligience Security Group, LLC. During the time that Plaintiff was employed with Alligience, Alligience never had any issues in obtaining a security clearance for Plaintiff.

11. Ernie Stewart was also an employee at Alligience but was ultimately terminated by Alligience. In addition, during his employment at Alligience he was known to have problems dealing with other people.

12. Mr. Stewart was also hired by Defendant as a "Supervisor" notwithstanding the performance problems he had experienced at Alligience, which Defendant was aware of at the time of his hire.

13. Plaintiff, however, was hired by Defendant as a Security Guard at a substantially lower rate of pay than what she had received as a supervisor at Alligience. Plaintiff was the only female employee in a similar position with Defendant's Memphis operation.

14. During her employment with Defendant, Mr. Stewart, who was Plaintiff's immediate supervisor, made a statement to at least two of Defendant's other employees that Defendant didn't have any intention of keeping women there.

15. Defendant failed to provide several items to the TSA that were necessary to obtain a security clearance for Plaintiff's continued employment there.

16. Plaintiff performed her job in a satisfactory manner.

17. Plaintiff was terminated on or about June 30, 2011.

18. As justification for its termination of Plaintiff, Defendant stated that Plaintiff failed the FAA clearance, when, in fact, Defendant failed to provide the FAA with all of the necessary information for Plaintiff to obtain clearance.

19. Plaintiff had not been asked to provide additional information or otherwise assist in obtaining an FAA security clearance, nor had Plaintiff been advised of any unsatisfactory job performance.

20. Defendant submitted all the appropriate documentation to the FAA to obtain security clearances for male employees, and, therefore, all male employees received security clearance and remained employed by Defendant. Plaintiff was the only

similarly situated employee who did not obtain FAA clearance and was fired by Defendant.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2

21. Plaintiff incorporates the foregoing paragraphs the as if fully written herein.

22. Plaintiff was an "employee" of Defendant within the meaning of Title VII, 42 U.S.C. § 2000e(f).

23. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

24. Defendant discriminated against Plaintiff with respect to her terms, conditions, and privileges of employment because of or on the basis of sex, 42 U.S.C. §§ 2000e(k) & 2000e-2.

25. Plaintiff was treated worse than similarly situated male employees, wherein Defendant refused to submit appropriate documentation for obtaining her security clearance resulting in her termination whereas Defendant submitted all appropriate documentation for male employees, thus allowing them to gain clearance and remain employed with Defendant.

27. Plaintiff was discharged by Defendant.

28. Defendant's termination of Plaintiff came under circumstances that give rise to an inference of gender discrimination, and her supervisor's statement that Defendant did not wish to retain any female employees constitutes direct evidence of discrimination.

BASED ON THE FOREGOING, PLAINTIFF DEMANDS:

Plaintiff seeks a judgment for compensatory damages, punitive damages, attorney's fees, expert witness fees, other litigation expenses, Court costs, and such other relief as the Court deems appropriate.

PLAINTIFF DEMANDS A JURY TO TRY HER CAUSE OF ACTION.

Respectfully submitted,

/s/ Kerry Knox
KERRY KNOX, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

/s/ Amy J. Farrar
Amy J. Farrar, TN No. 24420
Hagan & Farrar, PLLC
106 North Church Street
Murfreesboro, TN 37130
(615)800-4747
amy@haganfarrar.com

*Attorneys for Plaintiff*